Andrew D. Skale (SBN 211096)
askale@mintz.com
Ben L. Wagner (SBN 243594)
bwagner@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA  92130
Telephone: (858) 314-1500
Facsimile:  (858) 314-1501

Attorneys for Plaintiff
ZIPBUDS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIPBUDS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. **'13CV2967 GPC KSC** <br><br> **PLAINTIFF ZIPBUDS' COMPLAINT FOR DESIGN PATENT AND UTILITY PATENT INFRINGEMENT** <br><br> JURY DEMANDED |

Plaintiff ZIPBUDS, LLC. for its Complaint against Defendant AMAZON.COM, alleges and states as follows:

### THE PARTIES

1.  Plaintiff ZIPBUDS, LLC, ("Zipbuds") is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 6170 Cornerstone Court East, Suite 260, San Diego, CA 92121.

2.  Defendant AMAZON.COM, INC. ("Amazon.com") is a corporation organized and existing, on information and belief, under the laws of the State of Delaware, with its principal place of business at, on information and belief, 1516 2nd Avenue, Seattle, WA 98101.

# JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. sections 1 *et seq*. Subject matter jurisdiction is therefore proper under 28 U.S.C. sections 1331 and 1338(a).

4. This Court has personal jurisdiction over Amazon.com because Amazon.com has extensive minimum contacts with the State of California such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Amazon.com has purposefully availed itself of the benefits of the California forum, and has continued selling products infringing Zipbuds' patents despite clear notice and knowledge that the continued sales would harm the San Diego company's intellectual property rights and competing line of products practicing the inventions. On information and belief:

   a. Amazon.com has fulfillment centers in California, including in San Bernardino. Its sales in California are so extensive that the online sales tax effective September 15, 2012 was referred to as the "Amazon" tax, and had generated $260 million in sales taxes as of November 1, 2013 (a significant portion of which was from Amazon.com for sales to California residents); and

   b. That tax is itself the result of a compromise between Amazon.com and California legislators whereby Amazon agreed to pour $500 million into its California operations, provide 10,000 full-time jobs in California, and 25,000 more seasonal jobs.

5. This Court further has subject matter jurisdiction over the claims and causes of action asserted in this complaint pursuant to 28 U.S.C. § 1332(a) because this dispute is between citizens of complete diversity, including a Delaware company with its headquarters in Seattle, Washington, and a California company, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district under 28 U.S.C. sections 1391(b) and (c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in the district; Plaintiff resides in this district; and the Defendant resides in this district by virtue of being subject to personal jurisdiction in this judicial district by, among others, its repeated availment and direction of its activity toward this district, and engaging in acts of infringement in this judicial district.

## FACTUAL BACKGROUND

7. Through heavy investment and hard work, Zipbuds designed a unique type of headphone that is both useful and highly aesthetically pleasing. The design is so aesthetically pleasing and ornamental that Zipbuds pursued and obtained a design patent to protect against others who may wish to sell what an ordinary observer would view as the same product. A copy of Zipbuds' U.S. Design Patent, US D652,407, is attached to this Complaint as **Exhibit 1** ("the '407 Patent").

8. The cable organization assembly utilized by Zipbuds in its zipper earphones was such a novel invention that Zipbuds was also awarded another patent on for its invention, U.S. Patent No. 8,455,758 ("the '758 Patent"). A copy of the '758 Patent is attached as **Exhibit 2**.

9. Zipbuds has been marketing and selling its unique ZIPBUDS ear buds since at least as early as November 9, 2010, and has gained significant market recognition. Zipbuds' products have been very successful, generating over $1 million in revenue each year from 2011 onward. The colorful, high-quality ear buds have become known for their quality and superior product design. By 2012, the ZIPBUDS earphones won Travel & Leisure's best personal gadget award. They have been featured extensively in the media, including gizmag.com (http://www.gizmag.com/zipbuds-keep-tangles-at-bay/17337/), C-Net (http://reviews.cnet.com/headphones/zipbuds-by-dga-tangle/4505-7877_7-34221397.html), among other sites. Zipbuds has also been featured on, among

others, the Ellen Show, New York Times and Travel Channel. These products have been recognized for their innovation, and also their successful refinement of a zipper earphone.

10. Unfortunately, in the midst of this success, Zipbuds discovered that a number of online sellers had begun selling infringing earphones through Amazon.com's website, www.Amazon.com. In an effort to enforce its patent rights, Zipbuds initially reached out to these individual companies, and to the extent Zipbuds could not resolve the infringement amicably, it filed infringement suits against the individual companies.

11. However, the infringements continued to expand, to the point where there were no less than 19 specific infringing products (assigned separate ASIN numbers by Amazon.com) being sold on Amazon.com's website. A side by side exemplative comparison is below:

  

Amazon (Example)　　　　　　'758 Patent　　　　　　'407 Patent

12. Thus, in an effort to protect against this expanding infringement, Zipbuds attempted to use Amazon.com's infringement reporting process for its online store to obtain removal of the infringing products from Amazon.com's online store. However, Amazon.com would not remove these infringing products, which continued to be offered for sale on its website. Instead, it claimed that it had no responsibility

4

for goods sold under its website. As a result, Zipbuds' counsel sent a detailed take-down demand on October 7, 2013. That demand is attached as **Exhibit 3** and is incorporated herein by reference. The demand identified the 19 "ASIN" product identification numbers (along with all other infringing products ultimately identified on Amazon.com prior to resolution of this case, these products are collectively referred to as the "Accused Products"). It further provided copies of the infringed patents, and again demanded that the products be removed from Amazon.com's online store. Amazon.com instead provided Zipbuds with a copy of a correspondence to one of the sellers, asking them to respond as the "appropriate party."

13. Amazon.com is acting as a retailer and dealer in the infringing products. Amazon.com is directly liable for the infringing offers for sale and sales of these ASINs, regardless of whether the individual partners of Amazon.com are also liable. Amazon.com has been repeatedly and specifically notified of the infringement, and has simply chosen to ignore the demands without even so much as, on information and belief, engaging in a review or comparison of the '758 and '407 Patents or the Accused Products. Amazon.com has offered no response as to why the Accused Products are not infringing, and the continued deliberate indifference in continuing to allow these Accused Products on its online store makes Amazon.com's infringements willful.

14. Accordingly, facing a seller unwilling to take any responsibility for removing the very products it sells from its online store, and to protect Zipbuds' valuable patents from online exploitation, Zipbuds brings this suit against Amazon.com.

**FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. D652,407 S**

15. Zipbuds realleges all allegations in this Complaint as if stated herein.

16. On January 17, 2012, United States Patent Number D652,407 entitled "Zippered Earphones," was duly and legally issued to Zipbuds, who has the right to

5

enforce this patent.

17. Defendant has sold or exposed for sales articles of manufacturer to which the '407 Patent applies.

18. Defendant has infringed and continues to infringe the '407 Patent by using, selling, offering for sale, importing, and/or actively inducing others to use products that infringe one or more of the patented design(s) in the '407 Patent, and is thus liable for patent infringement pursuant to 35 U.S.C. §§ 271 and 289 et seq. The Accused Products so resemble the '407 Patent, including Claim 1, that in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the visual appearance of the two designs are substantially the same.

19. Defendant is also liable for patent infringement because it actively induced these sellers on its online site to continue selling the Accused Products even after Amazon.com unequivocally knew of the '407 Patent, having received multiple notices of infringement from Zipbuds and its counsel. Amazon.com acted in a manner that encouraged these sellers to infringe on the '407 Patent.

20. Specifically, although Amazon.com maintains the power under its Conditions of Use to remove whatever products it wishes to from its online store, has a detailed infringement notice program to coordinate that removal, and indeed removes products continuously on this basis, it simply refused to take any removal action with respect to these sellers' Accused Products, continuing to allow them to be sold on its online store and, on information and belief, generating substantial profits from those sales.

21. Amazon.com knew that if it did not remove the Accused Products, the natural and likely consequence was their continued sale on its online store. Amazon.com intended for sales of these Accused Products to continue on its online store. Amazon.com knew or should have known that those acts would cause the sellers to continue infringing the '407 Patent, Amazon.com having received multiple and detailed notices of the infringement. Amazon.com further engaged in willful

blindness by, on information and belief, failing to even review or compare the '407 Patent and Accused Products once noticed.

22. Defendant's infringement of the '407 Patent has caused and continues to cause damage to Zipbuds in an amount to be determined at trial but exceeding $75,000.

23. Defendant's infringement of the '407 Patent has caused and will continue to cause immediate and irreparable harm to Zipbuds for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

24. Defendant knew of the '407 Patent prior to the filing of this lawsuit.

25. Defendant's infringement of the '407 Patent was willful and deliberate, was objectively reckless due to the high likelihood that its actions constituted infringement of a valid patent, and knew or should have known of this objectively-defined risk because the risk was so obvious. Thus, Zipbuds to enhanced damages pursuant to 35 U.S.C. § 284, and costs incurred prosecuting this action.

26. Plaintiff is further entitled to the total profit on the Accused Products pursuant to, *inter alia*, 35 USC § 289.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 8,455,758

27. Zipbuds realleges all allegations in this Complaint as if stated herein.

28. On June 4, 2013, United States Patent Number 8,455,758 entitled "Cable Organization Assemblies," was duly and legally issued to Zipbuds, who has the right to enforce this patent.

29. Defendant has infringed and continues to infringe the '758 Patent by using, selling, offering for sale, importing, and/or actively inducing others to use products that infringe one or more of the claims in the '758 Patent, and is thus liable for patent infringement pursuant to 35 U.S.C. § 271. This includes the practice by Defendant via the Accused Products, which infringe at least Claims 1 and 18 of the '758 Patent.

30. Defendant is also liable for patent infringement under 35 U.S.C. § 271 because it actively induced these sellers on its online site to continue selling Accused Products even after Amazon.com unequivocally knew of the '758 Patent, having received written notice of infringement from Zipbuds and its counsel. Amazon.com acted in a manner that encouraged these sellers to infringe on the '758 Patent.

31. Specifically, although Amazon.com maintains the power under its Conditions of Use to remove whatever products it wishes to from its online store, has a detailed infringement notice program to coordinate that removal, and indeed removes products continuously on this basis, it simply refused to take any removal action with respect to these sellers' Accused Products, continuing to allow them to be sold on its online store and, on information and belief, generating substantial profits from those sales.

32. Amazon.com knew that if it did not remove the Accused Products, the natural and likely consequence was their continued sale on its online store. Amazon.com intended for sales of these Accused Products to continue on its online store. Amazon.com knew or should have known that those acts would cause the sellers to continue infringing the '758 Patent, Amazon.com having received multiple and detailed notices of the infringement. Amazon.com further engaged in willful blindness by, on information and belief, failing to even review or compare the '758 Patent and Accused Products once noticed.

33. Defendant's infringement of the '758 Patent has caused and continues to cause damage to Zipbuds in an amount to be determined at trial but exceeding $75,000.

34. Defendant's infringement of the '758 Patent has caused and will continue to cause immediate and irreparable harm to Zipbuds for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

35. Defendant knew of the '758 Patent prior to the filing of this lawsuit.

36. Defendant's infringement of the '758 Patent was willful and deliberate, was objectively reckless due to the high likelihood that its actions constituted infringement of a valid patent, and knew or should have known of this objectively-defined risk because the risk was so obvious. Thus, Zipbuds is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and costs incurred prosecuting this action.

## **PRAYER**

**WHEREFORE**, Plaintiff demands the following relief:

1. A judgment in favor of Plaintiff Zipbuds and against Defendant on all counts;

2. A preliminary and permanent injunction from design patent infringement;

3. Damages in an amount to be determined at trial, with such damages enhanced and/or trebled for willful infringement;

4. For infringement of Zipbuds' design patent, Defendants' total profits under 35 U.S.C. § 289;

5. Exemplary and punitive damages;

6. Pre-judgment interest at the legally allowable rate on all amounts owed;

7. Costs, expenses and fees;

8. An order finding that Defendant's infringement of the patents-in-suit has been willful and trebling the damages awarded to Plaintiff, as provided by 35 U.S.C. § 284;

9. A declaration that this is an exceptional case and award Plaintiff its attorneys' fees incurred in prosecuting this action, as provided by 35 U.S.C. § 285; and

10. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY

Zipbuds demands trial by jury on all issues triable as a matter of right at law.

Dated: December 10, 2013        MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By: s/Andrew D. Skale
    Andrew D. Skale, Esq.

*Attorneys for Plaintiff,*
*ZIPBUDS. LLC.*

25511103v.1